UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EUGENE WINFREY,

                              Plaintiff,

               -against-

REVERBNATION *et al.*,

                              Defendants.

26-CV-1803 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action asserting a claim of copyright infringement pursuant to 17 U.S.C. § 101, *et seq.*  By order dated March 17, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendants ReverbNation and eMinor Inc..  The Clerk of Court is further

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and ordered that the summons be issued.  The Court therefore extends the time to serve until 90 days after the date the summons is issued.

instructed to issue a summons and deliver to the U.S. Marshals Service all the paperwork necessary for the U.S. Marshals Service to effect service upon Defendant. The Court also directs the Clerk of Court to effect service upon Defendant Bandlab Singapore under the Hague Convention by sending two copies of the complaint to the Singaporean Central Authority at: 100 High Street, #08-02, The Treasury, Singapore 179434, Republic of Singapore.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendants ReverbNation and eMinor, Inc., complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to effect service on Defendant Bandlab Singapore through the process outlined above.

The Clerk of Court is further directed to mail a copy of this order to Plaintiff, together with an information package

Plaintiff may receive court documents by email by completing a Consent to Electronic Service form.[2]

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

3

SO ORDERED. Dated:

March 27, 2026
    New York, New York

_____
VERNON S. BRODERICK
United States District Judge

**SERVICE ADDRESS FOR DEFENDANT**

ReverbNation
1500 Perimeter Park Dr., Suite 210
Morrisville, North Carolina, 27560-0594

eMinor, Inc.
1500 Perimeter Park Dr., Suite 210
Morrisville, North Carolina, 27560-0594