UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Eugene Winfrey, | Case No. 26-cv-1803-VSB-BCM |
| Plaintiff, | |
| v. | |
| Reverbnation *et al.*, | |
| Defendants. | |

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT EMINOR, INC.'S MOTION TO DISMISS

---

**FAEGRE DRINKER BIDDLE & REATH LLP**
1177 Avenue of the Americas**,** 43rd Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141

*Attorneys for Defendant eMinor, Inc.*

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ...........................................................................................................1

BACKGROUND ...........................................................................................................1

LEGAL STANDARD.....................................................................................................2

ARGUMENT..................................................................................................................3

    A.    The Complaint Fails to State a Claim Against eMinor.......................................3

        1.    The Complaint Does Not Plausibly Establish Plaintiff's Ownership of the Asserted Copyright...........................................................................4

        2.    The Complaint Fails to Plausibly Establish Copying by eMinor...............4

    B.    The Complaint Does Not Plausibly Establish This Court's Jurisdiction or that Venue is Proper...........................................................................................6

    C.    Dismissal Should Be with Prejudice..................................................................7

CONCLUSION...............................................................................................................8

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................3, 5

*Ashmore v. Prus*,
   510 F. App'x 47 (2d Cir. 2013) ..............................................................................8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...............................................................................................2, 3, 5

*Boehm v. Zimprich*,
   No. 13-cv-1031 (PAC), 2013 WL 6569788 (S.D.N.Y. Dec. 13, 2013)...................................6

*Bus. Casual Holdings, LLC v. YouTube, LLC*,
   No. 22-3007-CV, 2023 WL 6842449 (2d Cir. Oct. 17, 2023)...................................5

*Chavis v. Chappius*,
   618 F.3d 162 (2d Cir. 2010) ..............................................................................3

*Conan Props. Int'l LLC v. Sanchez*,
   No. 17-cv-0162 (FB) (RLM), 2018 WL 3869894 (E.D.N.Y. Aug 15, 2018) .........................4

*Cuoco v. Moritsugu*,
   222 F.3d 99 (2d Cir. 2000) ..............................................................................7

*Gaddy v. Waterfront Comm'n*,
   No. 13 Civ. 3322(AT)(HBP), 2014 WL 4739890 (S.D.N.Y. Sept. 19, 2014) .........................3

*Jenkins v. New York City Dep't of Educ.*,
   No. 10 CV 6159 (BSJ) (THK), 2011 WL 5451711 (S.D.N.Y. Nov. 9, 2011),
   aff'd, 508 F. App'x 66 (2d Cir. 2013)...................................................................3

*Jorgensen v. Epic/Sony Recs.*,
   351 F.3d 46 (2d Cir. 2003) ..............................................................................3

*Lipton v. The Nature Co.*,
   781 F. Supp. 1032 (S.D.N.Y. 1992), aff'd, 71 F.3d 464 (2d Cir. 1995) ...............................6

*Riddick v. Semple*,
   731 F. App'x 11 (2d Cir. 2018) ..............................................................................8

*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2d Cir. 2020) ..............................................................................4

*Warner Chappell Music, Inc. v. Nealy*,
  601 U.S. 366, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024) ......................................................4

*Winfrey v. Amazon Music*,
  No. 25-CV-10546 (S.D.N.Y. filed Dec. 18, 2025) ...................................................................1

*Winfrey v. Apple Music*,
  No. 25-CV-10547 (S.D.N.Y. filed Dec. 18, 2025) ...................................................................1

*Winfrey v. Boomplay Music, et. al.*,
  No. 26-CV-01804 (LLS) (S.D.N.Y. filed Mar. 4, 2026)......................................................1, 6

*Winfrey v. Boomplay Music*,
  No. 26-CV-1804 (LLS), 2026 WL 775353 (S.D.N.Y. Mar. 19, 2026)..........................*passim*

*Winfrey v. Broadcast Music Inc. (BMI), et. al.*,
  No. 26-CV-02251 (S.D.N.Y. filed Mar. 18, 2026) ...................................................................1

*Winfrey v. City of New York*,
  No. 17CV3028LDHJO, 2017 WL 4570812 (E.D.N.Y. Oct. 11, 2017) ....................................2

*Winfrey v. iHeart Media, et. al.*,
  No. 26-CV-02249 (S.D.N.Y. filed Mar. 18, 2026) ...................................................................1

*Winfrey v. Spotify USA Inc.*,
  No. 25-CV-10548 (S.D.N.Y. filed Dec. 19, 2025) ...............................................................1, 4

*Winfrey v. Youtube Inc., et. al.*,
  No. 26-CV-02252 (S.D.N.Y. filed Mar. 18, 2026) ...................................................................1

*Wood v. ViacomCBS/Paramount*,
  No. 22-CV-6323 (LTS) (KHP), 2024 WL 4451742, at *3 (S.D.N.Y. July 15,
  2024), *report and recommendation adopted*, No. 22-CV-6323-LTS-KHP,
  2024 WL 4263117 (S.D.N.Y. Sept. 23, 2024)...........................................................................3

*Wozniak v. Warner Bros. Ent. Inc.*,
  726 F. Supp. 3d 213 (S.D.N.Y. 2024)..................................................................................3, 4

## Statutes, Rules & Regulations

17 U.S.C. § 411(a) ...........................................................................................................................4

17 U.S.C. § 504...............................................................................................................................7

28 U.S.C. § 1400(a) ........................................................................................................................6

28 U.S.C. § 1915(e)(2)(B)........................................................................................................1, 2, 7

Fed. R. Civ. P. 8(a)(2) ................................................................................................................2, 5

Fed. R. Civ. P. 12(b)(2)..............................................................................................................1, 3

Fed. R. Civ. P. 12(b)(6)..............................................................................................................1, 3

Fed. R. Civ. P. 12(h)(3)..................................................................................................................7

N.Y.C.P.L.R. § 302(a)(1) ...............................................................................................................6

**INTRODUCTION**

Defendant eMinor, Inc. ("eMinor") moves to dismiss under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(6) for failure to state a claim, and the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), because this lawsuit is frivolous, fails to state a claim, and seeks relief from a party who is immune to such relief.

**BACKGROUND**

Pro se Plaintiff Eugene Winfrey, proceeding *in forma pauperis* (IFP), is on a copyright litigation campaign. Beyond this Complaint (Dkt. No. 1), Mr. Winfrey has filed seven substantively identical lawsuits with this Court since December:

- *Winfrey v. Spotify USA Inc.*, No. 25-CV-10548 (VSB-BCM) (S.D.N.Y. filed Dec. 19, 2025)

- *Winfrey v. Apple Music*, No. 25-CV-10547 (VSB-BCM) (S.D.N.Y. filed Dec. 18, 2025)

- *Winfrey v. Amazon Music*, No. 25-CV-10546 (VSB-BCM) (S.D.N.Y. filed Dec. 18, 2025)

- *Winfrey v. Boomplay Music, et. al.*, No. 26-CV-01804 (LLS) (S.D.N.Y. filed Mar. 4, 2026)

- *Winfrey v. Broadcast Music Inc. (BMI), et. al.*, No. 26-CV-02251 (VSB-BCM) (S.D.N.Y. filed Mar. 18, 2026)

- *Winfrey v. Youtube Inc., et. al.*, No. 26-CV-02252 (VSB-BCM) (S.D.N.Y. filed Mar. 18, 2026)

- *Winfrey v. iHeart Media, et. al.*, No. 26-CV-02249 (VSB-BCM) (S.D.N.Y. filed Mar. 18, 2026)

These Complaints are attached hereto as **Exhibit A**.

Each complaint asserts the same federal copyright registration, Pau 4-251-968, which purports to protect the lyrics to the song "BECAUSE I NEED YOUR LOVE." (*See, e.g.*, Complaint at 8. *See also* Ex. A at 18, 27, 35, 43, 58, 67, and 83.) And each complaint asserts the same allegation (or a slight permutation of it): that the defendant "has copyright infringement me"

1

based on the "unauthorized reproduction and distribution of selling my records." (Complaint at 5. *See also* Ex. A at 8, 10, 14, 24, 29, 32, 40, 50, 52, 54, 63-64, 80.)

In this case, the named defendants are (1) eMinor; (2) Michael E. Doernberg ("Mr. Doernberg"); (3) Louis Plaia ("Mr. Plaia"); (4) "ReverbNation," (5) "Bandlab Singapore Reverbnation.com"; and (6) "ReverbNation (craft.co)." (Complaint at 1, 4–5.)

The Complaint alleges that the ReverbNation domain and website are owned and operated by BandLab Singapore Pte. Ltd., a Singapore corporation. (Complaint at 4 (referring to "BandLab Singapore" as the "owner" of "reverbnation.com").[1] The Complaint further alleges that eMinor is the "previous owner." (*Id.*)

Pursuant to the Order of the Court, the U.S. Marshal's Service served eMinor by mail at its principal place of business in Morrisville, North Carolina, on April 2, 2026. The service letter identifies ReverbNation as being collocated at eMinor's address, which it is not.

## LEGAL STANDARD

"[P]ursuant to the *in forma pauperis* statute, a court must dismiss a complaint if it determines that the action '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief.'" *Winfrey v. City of New York*, No. 17CV3028LDHJO, 2017 WL 4570812, at *2 (E.D.N.Y. Oct. 11, 2017) (quoting 28 U.S.C. § 1915(e)(2)(B)). *See also Winfrey v. Boomplay Music*, No. 26-CV-1804 (LLS), 2026 WL 775353, at *1 (S.D.N.Y. Mar. 19, 2026) ("[T]he law mandates dismissal on any of these grounds") (*sua sponte* ordering Mr. Winfrey to replead or face dismissal).

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include enough facts to state a claim "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] *See also* https://www.reverbnation.com, which identifies BandLab Singapore Pte. Ltd. as the owner/operator of the domain and website. (Last visited May 5, 2026).

2

*See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Although courts are required to liberally construe a pro se plaintiff's claims, '[p]ro se status does not … excuse a plaintiff from compliance with the pleading standards of the Federal Rules of Civil Procedure." *Wood v. ViacomCBS/Paramount*, No. 22-CV-6323 (LTS) (KHP), 2024 WL 4451742, at *3 (S.D.N.Y. July 15, 2024), *report and recommendation adopted*, No. 22-CV-6323-LTS-KHP, 2024 WL 4263117 (S.D.N.Y. Sept. 23, 2024) (quoting *Jenkins v. New York City Dep't of Educ.*, No. 10 CV 6159(BSJ) (THK), 2011 WL 5451711, at *3 (S.D.N.Y. Nov. 9, 2011), aff'd, 508 F. App'x 66 (2d Cir. 2013). And a "'court cannot invent factual allegations that [the plaintiff] has not pled.'" *Gaddy v. Waterfront Comm'n*, No. 13 Civ. 3322(AT)(HBP), 2014 WL 4739890, at *2 (S.D.N.Y. Sept. 19, 2014) (alteration in original) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)) (dismissing pro se plaintiff's complaint).

### ARGUMENT

The Court should dismiss the Complaint in its entirety under the IFP statute, Rule 12(b)(6), and Rule 12(b)(2).

**A.    The Complaint Fails to State a Claim Against eMinor.**

To state a claim for copyright infringement, a plaintiff must plausibly plead "(1) ownership of a valid copyright; and (2) unauthorized copying of the copyrighted work." *Wozniak v. Warner Bros. Ent. Inc.*, 726 F. Supp. 3d 213, 227 (S.D.N.Y. 2024) (quoting *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003)). The Complaint fails to plausibly plead either element.

3

### 1.    The Complaint Does Not Plausibly Establish Plaintiff's Ownership of the Asserted Copyright

"A certificate of copyright registration is a prerequisite to asserting a civil copyright infringement claim." *Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020) (quoting 17 U.S.C. § 411(a)), abrogated on unrelated grounds by *Warner Chappell Music, Inc. v. Nealy*, 601 U.S. 366, 144 S. Ct. 1135, 218 L. Ed. 2d 363 (2024). "Under the Copyright Act of 1976, a 'certificate of registration . . . constitute[s] prima facie evidence of the validity of the copyright and *of the facts stated in the certificate*." *Wozniak*, 726 F. Supp. 3d at 227 (emphasis added).

The registration attached to the Complaint twice lists "EUGENE WIN*EREY*" as the author and copyright claimant of the work. (Complaint at 8 (emphasis added).) Yet the Plaintiff identifies himself as Eugene Win*frey* five times in this Complaint, as he does in every other complaint he filed. (*See generally* Ex. A.) The Complaint offers no explanation for why the asserted copyright claimant has a name different from the Plaintiff.

The Complaint does not plausibly allege that the named Plaintiff—Eugene Win*frey*—owns the copyright he asserts. The Court can dismiss the Complaint on this basis alone.

### 2.    The Complaint Fails to Plausibly Establish Copying by eMinor

The second element of a copyright infringement claim requires the plaintiff to plausibly plead that the defendant copied the plaintiff's copyrighted work. *Wozniak*, 726 F. Supp. 3d at 227. "District courts within this Circuit require a plaintiff to allege by what acts the defendant infringed the copyright." *Boomplay Music*, 2026 WL 775353 at *2 (citing *Conan Props. Int'l LLC v. Sanchez*, No. 17-cv-0162 (FB) (RLM), 2018 WL 3869894, at *2 (E.D.N.Y. Aug 15, 2018).

The Complaint's sole allegation is that "Reverbnation has copyright infringement me, reverbnation has unauthorized reproduction and distribution of selling my records" at a "website (library)" on "December 15, 2025." (Complaint at 5.) Even under the liberal pleading standards

4

afforded to pro se litigants, this allegation does not suffice. *Boomplay Music*, 2026 WL 775353 at *2 (the allegation that the defendant engaged in "unauthorized reproduction and distribution of selling" Plaintiff's records "does not comply with Rule 8, because it does not provide facts explaining how each Defendant infringed on Plaintiff's copyright.").

At best, this allegation is entirely conclusory, and "conclusory allegations of infringement are insufficient to state a plausible copyright claim." *Bus. Casual Holdings, LLC v. YouTube, LLC*, No. 22-3007-CV, 2023 WL 6842449, at *2 (2d Cir. Oct. 17, 2023) (affirming dismissal of copyright action without leave to amend) (citing *Iqbal* and *Twombly*); *Iqbal*, 556 U.S. at 678 ("[T]he tenant that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Even if the Court concludes that the allegation satisfies Rule 8, the Complaint does not plausibly allege any wrongdoing by eMinor. Rather, it alleges that the "infringement" took place on the "Reverbnation" "website (library)," which it concedes eMinor does not own. (Complaint at 4 (alleging eMinor is the "previous owner").)

* * * * *

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The Complaint is quintessentially that. The Court should dismiss the entire Complaint for failing to state a claim generally or, at a minimum, dismiss eMinor because it has not plausibly alleged any wrongdoing by eMinor. *See, e.g.*, *Boomplay Music*, 2026 WL 775353, at *3.

5

**B.**     **The Complaint Does Not Plausibly Establish This Court's Jurisdiction or that Venue is Proper.**

"Copyright infringement claims must be brought 'in the district in which the defendant or his agent resides or may be found.'" *Id.* at *2 (quoting 28 U.S.C. § 1400(a)). Courts have found that a defendant "may be found [for purposes of § 1400(a)] in any district in which he is subject to personal jurisdiction." *Id.* (quoting *Boehm v. Zimprich*, No. 13-cv-1031 (PAC), 2013 WL 6569788, at *2 (S.D.N.Y. Dec. 13, 2013) (modification in original) (collecting cases)).

"To determine whether a defendant to a copyright action is subject to personal jurisdiction in a New York district court, courts look to New York State's long-arm statute, Section 302 of the New York Civil Practice Law and Rules, which, among other things, permits personal jurisdiction over a "non-domiciliary ... who ... transacts any business within the state or contracts anywhere to supply goods or services in the state[.]" *Id.* (quoting N.Y.C.P.L.R. § 302(a)(1), *Boehm*, 2013 WL 6569788, at *2, *Lipton v. The Nature Co.*, 781 F. Supp. 1032, 1035 (S.D.N.Y. 1992), aff'd, 71 F.3d 464 (2d Cir. 1995).

The Complaint identifies eMinor's address in North Carolina and Bandlab's in Singapore. (Complaint at 4–5.) But it

> does not allege any facts suggesting that Defendants transact business in this district or contract anywhere to supply goods or services in this state. Thus, it does not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against these defendants, or that Defendants are subject to jurisdiction under New York law.

*Boomplay Music*, 2026 WL 775353, at *2.

As in *Boomplay Music*, the consequences of that pleading failure are threefold. First, Mr. Winfrey has not plausibly established this Court's personal jurisdiction over eMinor. Second, having failed to establish personal jurisdiction, this Court lacks subject-matter jurisdiction under the Copyright Act's jurisdictional hook. *See* 28 U.S.C. § 1400(a); *Boomplay Music*, 2026 WL

6

775353, at \*1 ("The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised.") (citing Fed. R. Civ. P. 12(h)(3)). Third, "it does not appear that this Court is a proper venue for Plaintiff's copyright infringement claims against these defendants[.]" *Boomplay Music*, 2026 WL 775353, at \*2.

These deficiencies independently warrant dismissal.

**C.     Dismissal Should Be with Prejudice.**

Dismissal with prejudice is appropriate where amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). As the Second Circuit explained:

> [W]e do not find that the complaint liberally read suggests that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe. . . . The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.

The Complaint's deficiencies go deeper than inartful pleading. (*See, e.g.*, Complaint at 6 (claiming as an injury for alleged copyright infringement "The Americans with (Disabilities Act).")). No amount of pleading permits a copyright plaintiff to recover against a putative infringer for emotional abuse or for having a disability. *See generally* 17 U.S.C. § 504 (establishing the recovery framework for copyright infringement).[2] Nor is it reasonable to expect that Mr. Winfrey will adequately replead the Complaint when he has filed seven substantively identical complaints that are equally deficient. (*See generally* Ex. A.) This lawsuit is, at best, misguided and, at worst, vexatious litigation of frivolous claims. 28 U.S.C. § 1915(e)(2)(B) (requiring dismissal of "frivolous or malicious" lawsuits).

---

[2] An additional consequence of these claimed "injuries" is that Mr. Winfrey "seeks monetary relief against a defendant who is immune from such relief," 28 U.S.C. § 1915(e)(2)(B)), because copyright infringement does not permit recovery of damages for "pain and suffering," "negligent infliction of emotional distress," "secondary trauma and emotional abuse," or "The Americans with (Disabilities Act)." (Complaint at 6.) This further militates dismissal. 28 U.S.C. § 1915(e)(2)(B).

The Court should preserve its, the Plaintiff's, and eMinor's resources by dismissing without leave to amend or replead. *See, e.g.*, *Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013) (affirming dismissal of pro se complaint without leave to amend because "granting leave to amend would be futile as the barriers to relief for Ashmore's claims cannot be surmounted by reframing the complaint"); *Riddick v. Semple*, 731 F. App'x 11, 15 (2d Cir. 2018) (same where plaintiff's "claims had substantive flaws that would not benefit from repleading").

## CONCLUSION

The Complaint's conclusory allegations fail to plausibly establish jurisdiction or to state a claim. The Court should dismiss it without leave to amend or replead.

8

Dated: May 15, 2026

Respectfully Submitted,

/s/ Brian P. Morgan
Brian P. Morgan
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 43rd Floor
New York, New York 10036
(212) 248-3140
brian.morgan@faegredrinker.com

Louis T. Perry (*pro hac vice to be filed*)
FAEGRE DRINKER BIDDLE & REATH LLP
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46204
(317) 237-0300
louis.perry@faegredrinker.com

Ryan M. Cooney (*pro hac vice to be filed*)
FAEGRE DRINKER BIDDLE & REATH LLP
1470 Walnut Street, Suite 300
Boulder, Colorado 80302
(303) 447-7700
ryan.cooney@faegredrinker.com

*Attorneys for Defendant eMinor, Inc.*

9

## CERTIFICATE OF SERVICE

I certify that, on May 15, 2026, this motion and its associated papers were filed electronically using the Court's CM/ECF system. However, because Mr. Winfrey has not consented to receiving documents electronically from the Court, (Complaint at 7), I certify that physical copies of the filing were sent to his provided address via First Class Mail.

Further, pursuant to this Court's Civil Rules & Practices 4(C), those service copies included copies of all unpublished opinions cited in this brief.

## RULE 7.1 CERTIFICATE

I certify that this memorandum of law complies with Local Rule 7.1 because it uses 12-point font or larger, contains 2,292 words, the margins are at least one inch on all sides, and, other than the permitted exclusions, the text is double-spaced.

## RULE 12.1 CERTIFICATE

I certify that Local Rule 12.1 does not apply because this motion is not supported by matters outside the pleading as described in Fed. R. Civ. P. 12. *See, e.g.*, *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 314 n.7 (S.D.N.Y. 2015) ("The Court may take judicial notice of pleadings filed in other cases in deciding a motion to dismiss without converting that motion into a motion for summary judgment.") (citing *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000)).

## AI NON-USE CERTIFICATION

I certify that counsel has not used generative AI to prepare this filing. *See* Civil Rules & Practices 4(J).

By: */s/ Brian P. Morgan*
Brian P. Morgan

10